Pro Se 6 (Rev. 09/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 3 0 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN District of GEORGIA

THOMAS JOHNSON

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

ASSAF SREBRO.

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

# 1:20-CV-3176

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE ALLEGING THAT THE DEFENDANT OWES PLAINTIFF A SUM OF MONEY
### (28 U.S.C. § 1332; Diversity of Citizenship)

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | THOMAS JOHNSON |
| Street Address | 105 VALLEY BROOK DR. |
| City and County | COVINGTON |
| State and Zip Code | GEORGIA |
| Telephone Number | 253-301-7764  770-900-0547 |
| E-mail Address | MRPHD@HUSHMAIL.COM |

Page 1 of 7

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | ASSAF SREBRO |
| Job or Title *(if known)* | ATTN: GENERARL COUNSEL |
| Street Address |  12 Shderot Yerushalayim |
| City and County | Tel Aviv |
| State and Zip Code | Israel |
| Telephone Number |  |
| E-mail Address *(if known)* |  |

Defendant No. 2

|  |  |
|---|---|
| Name |  |
| Job or Title *(if known)* |  |
| Street Address |  |
| City and County |  |
| State and Zip Code |  |
| Telephone Number |  |
| E-mail Address *(if known)* |  |

Defendant No. 3

|  |  |
|---|---|
| Name |  |
| Job or Title *(if known)* |  |
| Street Address |  |
| City and County |  |
| State and Zip Code |  |
| Telephone Number |  |
| E-mail Address *(if known)* |  |

Defendant No. 4

|  |  |
|---|---|
| Name |  |
| Job or Title *(if known)* |  |
| Street Address |  |
| City and County |  |
| State and Zip Code |  |

Pro Se 6 (Rev. 09/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

Telephone Number _____

E-mail Address *(if known)* _____

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A.     The Plaintiff(s)

1.     If the plaintiff is an individual

The plaintiff, *(name)*     THOMAS JOHSON                     , is a citizen of the

State of *(name)*     GEORGIA                           .

2.     If the plaintiff is a corporation

The plaintiff, *(name)*                                     , is incorporated

under the laws of the State of *(name)*

and has its principal place of business in the State of *(name)*

.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.     The Defendant(s)

1.     If the defendant is an individual

The defendant, *(name)*     ASSAF SREBRO                     , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)*     ISRAEL                       .

2.     If the defendant is a corporation

The defendant, *(name)*                                 , is incorporated under

the laws of the State of *(name)*                             , and has its

principal place of business in the State of *(name)*

Or is incorporated under the laws of *(foreign nation)*

and has its principal place of business in *(name)*

.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**C.** **The Amount in Controversy**

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

PLEASE SEE ATTACHED COMPLAINT

**III.** **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The defendant, *(name)* ASSAF SREBRO                                       , owes the plaintiff *(specify the amount)* $        112,000.00 , because *(use one or more of the following, as appropriate)*:

**A.** **On a Promissory Note**

On *(date)* _____ , the defendant signed and delivered a note promising to pay the plaintiff on *(date)* _____ the sum of *(specify the amount)* $ _____ with interest at the rate of *(specify the amount)* _____ percent. The defendant has not paid the amount due and owes *(state the amount of unpaid principal and interest)* $ _____ . A copy of the note is attached as an exhibit or is summarized below. *(Attach the note or summarize what the document says.)*

**B.** **On an Account Between the Parties**

The defendant owes the plaintiff *(specify the amount)* $ _____ . This debt arises from an account between the parties, based on *(state the basis, such as an agreement between a credit-card company and a credit-card holder)*

The plaintiff sent the defendant a statement of the account listing the transactions over a certain period and showing the bills sent, the payments received or credits approved, and the balance due. The

Pro Se 6 (Rev. 09/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

defendant owes *(specify the amount)* $ _____ . Copies of the bills or account statements are attached as exhibits or summarized below. *(Attach the statements or summarize what they say.)*

C.     **For Goods Sold and Delivered**

The defendant owes the plaintiff *(specify the amount)* $ _____ , for goods sold and delivered by the plaintiff to the defendant from *(date)* _____ to *(date)* _____ .

D.     **For Money Loaned**

The defendant owes the plaintiff *(specify the amount)* $ _____ , for money the plaintiff loaned the defendant on *(date)* _____ .

E.     **For Money Paid by Mistake**

The defendant owes the plaintiff *(specify the amount)* $ _____ for money paid by mistake to the defendant on *(date)* _____ , when the defendant received the payment from *(specify who paid and describe the circumstances of the payment)*

F.     **For Money Had and Received**

The defendant was paid money *(specify the amount)* $ _____ on *(date)* _____ by *(identify who paid and describe the circumstances of the payment)*

It is unjust for the defendant not to pay the plaintiff the money received because *(explain the reason, such as that the money was intended to be paid to the plaintiff, or was paid by coercion, duress, or fraud, or was an overpayment or a deposit to be returned)*

PLEASE SEE ATTACHED COMPLAINT

**IV.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLEASE SEE ATTACHED COMPLAINT

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff
Printed Name of Plaintiff        THOMAS JOHNSON

**B.    For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm

Street Address        _____

State and Zip Code    _____

Telephone Number      _____

E-mail Address

Exhibit A

## SUPERIOR COURT OF NEWTON COUNTY

## STATE OF GEORGIA

**THOMAS JOHNSON;**

**Plaintiffs**

**CIVIL ACTION**

**v**

**FILE NO: 2019-0781-2 &**

**ASSAF SREBRO,**

- **2019-0781-1**

**Defendants**

## ~~NOTICE OF REMOVAL~~

In the UNITED STATES DISTRICT COURT IN THE NORTHERN DISTRICT OF GEORGIA for further proceedings.

A petition for STAY of these proceedings and Request for Consolidation and Notice of a Constitutional Challenge **[FRCP Rule 5.1j** is made a part of this Notice.

### WARNING TO STATE COURTS AND LAW ENFORCEMENT:

This Removal shall divest and disqualify the Magistrate Court of the 20th Judicial District for Newton County and all law enforcement holding writs from taking any further action in the underlying case for want of jurisdiction under **28 U.S.C. 1332, 1441, 1446, 1453, et al., and FRCP Rule 11.**

2

Copies of this Notice are being served on counsel for Plaintiff and filed with the Clerk of the Magistrate Court and Superior of Georgia for Newton County.

---

This Removal is part of a Related Civil Case, which has been filed with this Court, under case # held at the at the District court of Northern Georgia, which seeks to test the Constitutionality of the current Georgia statutory scheme governing foreign entities allowance in illegal purchase of property proceedings which as presently constituted under close examination, is not consistent with due process and equal protection under the U.S.

Constitution's 5th and 14th amendments. Defendants' Civil Rights/Liberties have been violated and the constitutions of the United States makes it illegal for anyone to take property without just compensation and by the 5th amendment there can be no proceeding against life, liberty, or property which may result in the observance of those general rules established in our system of Jurisprudence for the security of private rights which guarantees to each citizen the equal protection of the laws and prohibits a denial thereof by any Federal official. (See rights) **Boiling v. Sharpe, 327 U.S. 497. U.S. vs Kuwzbzva (DC-CAL) 56F Supp. 716.** Federal District Courts can exercise "jurisdiction where the plaintiff's (in this matter the Defendants) claim is merely a general challenge to the constitutionality of the state law applied in the state action,..." *Hood v. Keller,* 341 F.3d 593, 597 (6th Cir. 2003) (internal quotations omitted). Plaintiffs Removal action is approved for such a challenge and such challenges

3

have been made in federal courts. See **Hutcherson v. Lehtin** 313 F. Supp. 1324 (1970) in which a group of tenants sued in a class action under **42 U.S.C. § 1983** on behalf of all those who are forced by their poverty to live in rental units that did not conform to applicable Municipal Housing Codes. Sued were the owner of the apartment house and presiding Judge of the Alameda County Superior Court and County Sheriff and others.

Also **28 U.S Code 1443** states "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

In the foreclosure action in the state court, Plaintiff was allowed not to produce documents Defendants requested in their "Request for Production" (forms 42413-5 et.al.) that would have proven who the actual owners of Defendants' original notes are and where they currently are, and that it was impossible for Plaintiff to have filed the original mortgage and promissory note with the State court *as* it claimed, in order to obtain summary

judgment. These documents will prove that the state court did not have jurisdiction over Plaintiff's complaint and that Defendant lacked standing to be before the court. These documents are also requested in the associated federal complaint.

Also <u>U.S. Code, Title 28, Part IV, Chapter 89,</u> § 1441(f) under Derivative Removal Jurisdiction: The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim. The above-mentioned facts are indicated in the associated federal civil complaint.

**The Rooker Feldman doctrine "does not prohibit federal district courts from** exercising jurisdiction where the plaintiffs claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to **the** law's application in a particular state case. *"Hood v. Keller,* **341 F.3d 593, 597 (6th Cir.** 2003) (internal quotations omitted). see also Gray v. Martinez, 465 Fed. Appx. 86, n. 4 (3d Cir. 2012) ("Were the financial defendants to have engaged in fraud, collusion, or other malfeasance in securing foreclosure, Rooker—Feldman would not prevent the exercise of jurisdiction simply because relief would cast doubt on the state-court judgment.").

**IN THIS CASE AT BAR,** it is alleged that a foreign entity Defendant, ASSAF SREBRO, acted with unclean hands and deception after it filed and prosecuted a

4

eviction case in a GEORGIA State Court knowing that the State court lacked subject-matter jurisdiction over its complaint and that it intentionally mislead the State Court into believing that it had standing to be before that court. Federal Rule of Civil Procedure 17(a)(I) which requires that lain action must be prosecuted in the name of the real party in interest." See also, In re Jacobson, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); In re Hwang, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008). Defendant made numerous filings in the state-court that "contained misrepresentations designed to cover up deficiencies inherent in the scheme."

The advent of Securitization, especially through "Private Investors" and not Fannie Mae or Freddie Mac, involved an entirely new process in mortgage lending. With Securitization, the Notes and Mortgage were sold once, twice, three times or more. Securitizing a loan is the process of selling a loan to Wall Street and private investors, as is the issue with the Defendants' Notes and therefore it was completely impossible for Plaintiff to have filed the "Original Promissory Note and Mortgage Note" in its foreclosure complaint to obtain judgment for the fact that the Note was identified in a "federally-approved securitization" trust named FFMLT TRUST 2005-FF8., which is currently being traded on Wall Street as a stock until the year 2035. The written agreement that created the FFMLT TRUST 2005-FF8 is a "Pooling and Servicing Agreement" (PSA), and is a matter of public record, available on the website of the Securities Exchange Commission. The Trust is also described

in a "Prospectus Supplement," also available on the SEC website. The promissory note in this case became trust property in compliance with the requirement set forth in the PSA. The Trust agreement is filed under oath with the Securities and Exchange Commission. The acquisition of the assets of the subject Trust and the PSA are governed under the law.

In Carpenter v. Longan 16 Wall. 271,83 U.S. 271, 274, 21 L.Ed. 313 (1872), the U.S. . Supreme Court stated "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while assignment of the latter alone is a nullity." An obligation can exist with or without security. With no security, the obligation is unsecured but still valid. A security interest, however, cannot exist without an underlying existing obligation. It is impossible to define security apart from its relationship to the promise or obligation it secures. The obligation and the security are commonly drafted as separate documents — typically a promissory note and a Mortgage. If the creditor transfers the note but not the Mortgage, the transferee receives a secured note; the security follows the note, legally if not physically. If the transferee is given the Mortgage without the note accompanying it, the transferee has no meaningful rights except the possibility of legal action to compel the transferor to transfer the note as well, if such was the agreement. (Kelley v. Upshaw 91952) 39 C.2d 179, 246 P.2d 23; Polhemus v. Trainer (1866) 30C 685). "Where the mortgagee has "transferred" only the mortgage, the transaction is a nullity and his "assignee" having received no interest in the

7

underlying debt or obligation, has a worthless piece of paper (4 Richard R. Powell), Powell on Real Property, § 37.27 [2] (2000).

No Entity can be a CREDITOR if they do not hold/own the asset in question (i.e. the NOTE and/or the property); a Mortgage Pass Through Trust (Le. R.E.M.I.C., as defined in Title 26, Subtitle A, Chapter 1, Subchapter M, Part II §§ 850-862) cannot hold assets, for if they do, their tax-exempt status is violated and the Trust itself is void ab initio. This is an indication that either the Trust has either voided its intended Tax Free Status, or the asset is not in fact owned by it.

In the event that the loan was sold, pooled and turned into a security, such event would indicate that the alleged holder can no longer claim that it is a real party of interest, as the original lender has been paid in full. Further said, once the Note was converted into a stock, or stock equivalent, as in this instant matter, that event would indicate that the Note is no longer a Note. If both the Note and the stock, or stock equivalent, exist at the same time, that is known as double dipping. Double dipping is a form of securities fraud, which is what Plaintiff actions and deeds are saying. Once a loan has been securitized, which the aforementioned *loan* may have been done many times, that event would indicate that the loan forever loses its security component (i.e., the Mortgage), and the right to foreclose through the Mortgage is forever lost. As indicated in the related federal complaint, the findings of Defendants' mortgage analysis report indicates that the

Promissory Note was converted into a stock as a permanent fixture. As a stock it is governed as a stock under the rules and regulations of the SEC; hence, the requirement for the filings of the registration statements, pooling and servicing agreements, form 424B-5, et.al, the documents which Plaintiff was given the

privilege of not producing in its foreclosure action, thus denying them due process. The mortgage analysis also indicates that there is no evidence on Record to indicate that the Mortgage was ever transferred concurrently with the purported legal transfer of the Note, such that the Mortgage and Note has been irrevocably separated, thus making a nullity out of the purported security in Defendants' property, as claimed.

Plaintiff therefore, alleges, upon information and belief, that none of the parties to either the securitization transaction, nor Defendant in this case, hold a perfected and secured claim in the Plaintiffs' Property; and that Defendant is estopped and precluded from asserting an unsecured claim against Plaintiffs' Property.

Among other things, Defendant in its illegal purchase action:

(i)    misrepresented the true holder of Defendants' mortgage or the corresponding note and failed to disclose material information pertaining to the impropriety of foreclosure;

(ii)   submitted affidavits executed by persons without personal knowledge of the assertions in the affidavits and without review of any information or documentation to verify the assertions in such affidavits;

(iii)  misrepresented the identity, office, or legal status of affiants executing foreclosure-related documents; and

(iv)   failed to properly identify foreclosing parties accurately.

9

The above-mentioned conduct by Defendants "misled the Movants, and the state-court by leading them to believe that Defendant's held Movants' original mortgage note and Promissory note and concealed the identity of the relevant parties." Movants' amended complaint will prove all the above stated facts. Once a fraud is proved, as in this instant matter, all advantages gained by playing fraud can be taken away. In such an eventuality, the questions of non-executing of the statutory remedies or statutory bars like doctrine of Rooker-Feldman and res judicata are not attracted. Suppression of any material fact/document amounts to a fraud on the court.

Defendant's eviction action amounts to nothing less than criminal extortion with the intent of grand theft of Movants' property. Defendant's action proves civil rights/liberties violations and intentional tort which has led to fraud, misrepresentation, slander, libel and fraudulent conversion against the Movants'. "Kan. Stat. Ann. § 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment."

The State Court pre-judged the Movants as being guilty of what Defendant stipulated in its complaint and as such acted without first seeing whether or not it had Subject

10

Matter Jurisdiction over Plaintiff's Complaint and whether or not the Defendant had standing to be before the Court. These issues are clarified in the related mentioned

federal complaint filed against the Plaintiff and its predecessors and successor, (case number 1:17-cv-4258) Movants have also filed a motion with the state court to "Vacate and Set Aside Summary Judgment.....due to defendants Acts of Fraud Upon the Court."

Also, as stipulated in 28 U.S.C. 1332 (b) Diversity of Citizenship - which states "Only federal courts have jurisdiction over a case of a civil nature in which parties are residents of different states and the amount in question exceeds the amount set be federal law ($75,000) ..." On the face of the Plaintiff's complaint proves that the District court has exclusive jurisdiction over this matter as the documented evidence proves that Plaintiff's complaint is in excess of $75,000.00 and that Defendant is not, and was never a citizen/resident of the State of Georgia, while defendant is clearly a citizen and resident Israel, which constitute Diversity of Citizenship. "The Judicial power of the United States shall not be construed to extend to any suit in law or Equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (11th Amendment of the United States Constitution.)

Without jurisdiction, complete jurisdiction, no court can issue a judgment that isn't void, a nullity, without force or effect, on its face and in fact because there was an incomplete or incompetent jurisdiction for the State Court thus enabling jurisdictional failure to appears

11

on the face of the record, making the eviction action void and subject to vacate with damages

which can never be time-barred. The Superior Court of Newton County State of Georgia have

ignored its professional obligations. The Court was obligated to uphold and protect the

Constitution of the United States. The State Court was obligated to comply with the Judicial

Conduct Canons. The State Court was obligated to redress confirmed injustice. The

Court was obligated to report violations of rules of professional conduct of

both attorneys and judges. The State Court was obligated to report violations of criminal

statutes. The State Court was obligated to nullify the "void" judgment after it was confirmed

it was obtained by fraud.

Plaintiff is seeking separately for damages for the wrongful acts performed by the
Defendant Assaf Srebro., as is indicated in the Compliant mentioned above, that is still
waiting for an approval/Order from the Court for leave to amend the original complaint to
include the civil rights violation against the Plaintiffs.

### GROUNDS FOR STAY OR INJUNCTION EXIST

Under 42 **U.S.C. 1983 there** is no time line or statute of limitation to attack

denial of civil rights. The **Federal Anti-Injunction Act** provides that a federal court

"may not grant an injunction to stay proceedings in a state court ...." **28 U.S.C. Sec. 2283**

(1978). However, civil rights action under **42 U.S.C. 1983** are among the exceptions to the

Act that have been "expressly authorized by Act of Congress." Id.; see **Mitchum v. Foster,**

**407** U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). As the Supreme Court said

in **Mitchum,** "[t]he very purpose of Sec. 1983 was to interpose the federal courts between

**12**

the States and the people, ... **to protect the people from unconstitutional action under color of state law."** Id. at 242, 92 S.Ct. at 2162. [emphasis added] This civil rights complaint have been filed with the court and thus this court may grant an injunction to stay proceedings in the state court

Also as mentioned before, **U.S. Code, Title 28, Part IV, Chanter 89,** § 1441(f) under Derivative Removal Jurisdiction states: "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment.

The Movants also seek a consolidation of the federal civil suit that was filed with the Court under **42 U.S. C. § 1983,** et al. Thomas Johnson challenge is distinguishable by challenging the state court's denial of a right to have the full protection of law. Here, the state courts allow eviction proceedings by utilizing unauthenticated declarations of "Defendants counsel and persons without personal knowledge" to assert under oath facts supporting the action, thus illegally circumventing the right of Plaintiffs like the Thomas Johnson to challenge fully by full and fair hearing the validity of documents by cross-examination and rebuttal of the proffered affidavits not only at the commencement of the action, but to

13

and including the time of summary judgment. No trial was ever offered to Movants, and as mentioned above Defendant was given the privilege of not producing documents as requested for evidence, that would prove their status. Such a practice avoids the protections of the codes of Evidence statewide by presuming documents created .by biased Defendant's counsel are without challenge. Such is illegal and will cause the "taking of title to real property without due process" as the procedure in place allows.

This Removal is dual in purpose; first to remove the pending state case from state court and second to challenge a statutory scheme which is ongoing and denying a legal right to fully defend illegal retainment/eviction case by challenging the legality and existence of ownership of the Note by the Defendant, here Assaf Srebro who cannot prove it holds the right to enforce the Note it claims to hold and own as mentioned in its complaint. Secondarily, Plaintiff has brought claims and

evidentiary proof that Assaf Srebro., is/was not a holder of the Note nor has/had the right to evict and or retain as a matter of law as indicated in the federal complaint on record with this court.

This action as Removed and the federal civil action that have been filed with the Court as mention above, are jointly sought to be *Consolidated* under **FRCP Rule 42.** The core of the federal civil action also attacks the problem of state courts routine but

14

illegal *denial of a recognized affirmative defenses,* thus presenting a ripe **federal question** concerning an unfair application of state law.

In short, GEORGIA legal process deprives all legal holders in due course the right to raise the defense of questioned procurement of right to the Note and secondly the right to enforce the mortgage [deed of trust] as a lien, however,  allows a litany of other defenses without abridgment. This quick consequence allows all defendant – or anyone who "claim ownership" the right to sue and speedily obtain a judgment even when overwhelming evidence exists that they never did obtain the Note rights. In this housing market and with foreclosures being done at break-neck speed coupled with the passing of several Consumer Foreclosure Fraud and Home Equity Theft Protection laws, the Georgia legislature has articulated and sought to prevent foreclosures or illegal aliens from taking unfair advantages which abridge rights held by homeowners. Plaintiff asserts these and other evidence and proof circumventing acts committed by defendant violate these acts and any acts based thereon are unconstitutional requiring federal judicial intervention.

## REMOVED MATTER IS OF EXTREME PUBLIC INTEREST

This is a judicial problem that affects the <u>entire state of Georgia</u> and is of **extreme public interest.** This state's legislature has acknowledged previously there is a crisis in this state. It is clear the judicial handling is not protecting its citizenry.

The equal application of the rules seems to require a judicial challenge as in this federal court to level a quite disparate playing field and restore financial and facially unfair consequences of this illegal, inequitable, discriminatory prohibition against allowing due process within the foreclosure proceedings.

Given the seriousness and scope of this action, Plaintiffs have present their right to challenge this statutory and case precedential framework under **42 U.S.C. 1983,** et seq. in the associated federal civil complaint as mentioned above and through-out this Removal. Theirs is a <u>challenge to the right of a state to abridge due process, fair access to our court system and procedural equal protection of the laws guaranteed by the U.S. Constitution.</u>

## STAY ON PRIOR STATE ACTS ACTIVITY REQUESTED

Defendants moves within this Removal a self-contained **Motion for a STAY** on any consideration by this court of the state matter and that this court not act in a sudden, knee-jerk manner by ordering the matter to be remanded without further hearing on the matter and, for this court to properly stay and forebear any consideration by any means. This petition seeks all tiers of stay including temporary restraining order, issued *sua spante* or on any motion until the constitutional issues raised are declared either constitutional or unconstitutional and their rights be judicially defined.

There is **no detriment** to any party by way of a delay in this proceeding and the important public interest in fair access to judicial rights and defense is of tremendous

16

concern to this and all courts in Georgia. **No other means at law exist to protect** Plaintiffs' rights and those similarly situated from this ongoing built-in judicial abuse and disparity.

Removing party asks that the usual provision of the time constraints applicable to Removals be *stayed and waived* to allow this challenge to be perfected with the federal lawsuit that is on record with this Court, and consolidation of that case with this matter at bar, challenging the constitutionality of GEORGIA law as presently constituted concerning the procedures in place allowing foreclosures without due process protection being in place and depriving its citizens of their rights as homeowners. This court has jurisdiction over this matter as joined to the Constitutional challenge in the case to be Consolidated as both involve a federal question, the taking of property without due process by Defendant, Assaf Srebro. Thus, the requirements are met under **28** 1JSC § 1331 which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is a recognized *fraud* exception. The constitutional question is equal protection to enforce a judicially recognized right to an affirmative defense which if proved would eliminate the Defendant's standing if proof shows they obtained judgment by a fraudulent means. This strongly suggests that the formal "30" day federal requirement for removal of federal question based actions should be

relaxed, waived or at a minimum, made conditioned upon a permissive showing the plaintiff obtained summary judgment legally.

Where a federal court finds that a state-court decision was rendered in the absence of subject matter jurisdiction or tainted by due process violations, it may declare the state court's judgment void ab initio and refuse to give the decision effect in the federal proceeding. Intl Longshoremen's Ass'n v. Davis, 476 U.S. 380, 392 (1986) (holding that where "a state court ... ha[s] no subject matter jurisdiction to adjudicate the issue ... , any judgment issued by the state court will be void ab initio") (emphasis in original); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere.").

## REQUEST FOR A STAY ON THIS REMOVED CASE

As indicated, Plaintiffs have file their associated federal complaint and thus the reason for a stay on the removed case.

The Second Circuit in Exxon Mobil, 544 U.S. at 293, has recognized that the Rooker-Feldman doctrine does not preclude a federal suit seeking a remedy for harm

caused by action "ratified, acquiesced in, or left unpunished" by the state court judgment. Nor is a district court divested of subject matter jurisdiction under Rooker-Feldman "simply because a party attempts to litigate in federal court a matter previously litigated in state court." Rather, an independent claim may survive even if it "denies a legal conclusion that a state court has reached in a case to which he was a party..." Id. Some courts have held that claims alleging "fraud in the procurement of the judgment" survive Rooker-Feldman. See W&D Imports, Inc. v. Lia, 2013 U.S, Dist. LEXIS 58651, *16-17 (E.D.N.Y. Apr. 22, 2013) ("Although recovery by plaintiffs on their claims against the RICO defendants would imply that the state-court judgment was erroneous (having been procured by fraud), such a possibility does not necessarily deprive the Court of jurisdiction, as 'a suit asking a federal court to deny a legal conclusion reached by a state court [may] nonetheless be independent for Rooker–Feldman purposes.... The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal [of the state-court judgment], forbidden by Rooker–Feldman (quoting Hoblock, 422 F.3d at 87-88); Marshall v. Grant, 521 F. Supp. 2d 240, 244-45 (E.D.N.Y. 2007) ("perjury, fraud and misrepresentations ... are the type of claims held by the Exxon Mobil Court to be independent from the state judgment because they allege fraud in the procurement of the judgment and not just that the state court issued an incorrect opinion."); see also Goddard v. Citibank, NA, 2006 U.S. Dist. LEXIS 19651, at *6

18

(E.D.N.Y. Mar. 27, 2006); Mac Pherson v. State St. Bank & Trust Co., 452 F. Supp. 2d 133, 140 (E.D.N.Y. 2006). A few courts most especially the United States Court of Appeals for the Sixth Circuit—have determined that Rooker-Feldman does not prevent the lower federal courts from reviewing state -court judgments that were allegedly

 procured through fraud.

The loser is not really complaining of an injury caused by a state court judgment, but of an injury caused by the winner's chicanery. Other courts are in accord. See, e.g., Truong v. Bank of America, N.A., 717 F.3d 377, 381-85 (5th Cir. 2013) (holding claims that banks "misled the state court" and "misled [the plaintiff] into foregoing her opportunity to dispute authenticity in the state-court proceedings" were "independent claims ... and the damages she requested were for injuries caused by the banks' actions, not injuries arising from the foreclosure judgment."); Conklin v. Anthou, 495 Fed. Appx. 257, 262 (3d Cir. 2012) (holding that, although Rooker-Feldman barred direct review, it did not prevent plaintiff "from otherwise attacking the parties to the foreclosure proceedings or alleging that the methods and evidence employed were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state-court judgments into question"); see also Gray v. Martinez, 465 Fed. Appx. 86, n. 4 (3d Cir. 2012) ("Were the financial defendants to have engaged in fraud, collusion, or other malfeasance in securing foreclosure, Rooker—Feldman would not prevent the exercise of jurisdiction simply because relief would cast doubt on the state-court judgment.").

**19**

Intl Longshoremen's Ass'n v. Davis, 476 U.S. 380, 392 (1986) (holding that where "a state court.
.. has no subject matter jurisdiction to adjudicate the issue ..., Furthermore, it is clear and
well established law that a void order can be challenged in any court. Old Wayne Mut.
L. Assoc. v. McDonough, 204 U.S. 8, 27 S.Ct. 236 (1907) ("jurisdiction of any court
exercising authority over a subject 'may be inquired into in every other court when the
proceedings in the former are relied upon and brought before the latter by a party
claiming the benefit of such proceedings,' and the rule prevails whether 'the decree or
judgment has been given, in a court of admiralty, chancery, ecclesiastical court, or court of
common law, or whether the point ruled has arisen under the laws of nations, the practice
in chancery, or the municipal laws of states.'"); In re Marriage of Macino, 236 Ill.App.3d
886 (2nd Dist. 1992) ("if the order is void, it may be attacked at any time in any proceeding,
"); Evans v. Corporate Services, 207 Ill.App.3d 297, 565 N.E.2d 724 (2nd Dist. 1990) ("a
void judgment, order or decree may be attacked at any time or in any court, either directly
or collaterally"); Oak Park Nat. Bank v. Peoples Gas Light & Coke Co., 46 Ill.App.2d 385, 197
N.E.2d 73, 77 (1st Dist. 1964) ("that judgment is void and may be attacked at any time in
the same or any other court, by the parties or by any other person who is affected
thereby."). [Emphasis added].

As this contemporaneously requested PETITION for STAY [either ordered *sua
sponte* or under Rule 651, within this Removal appears nowhere in the Federal Rules of
Civil Procedure or the Local Rules of the Northern District of Georgia to be prohibited,
this petition for a stay on any procedural activity affecting this stay is appropriate.

## CONCLUSION

This Removal and Petition are meant to achieve an urgently necessary determination, to wit, Movant, Thomas Johnson seeks in good faith to achieve with this Removal and seeks to join by Consolidation the related action and seeks otherwise an injunction and/or stay of any consideration of the state proceedings in the interest of a resolution that affects hundreds of thousands of vulnerable Georgia homeowner citizens similarly situated. Fraud and collusion vitiate even the most solemn proceedings in any civilized system of jurisprudence. It is a concept descriptive of human conduct. Dishonesty should not be permitted to bear the fruit and benefit to the persons who played fraud or made misrepresentation and in such circumstances the Court should not perpetuate the fraud.

Thomas Johnson, Removing Party

## CERTIFICATE OF SERVICE ON STATE
## AND COUNSEL

I hereby certify under oath that the above documents have been served upon the below individual parties or their counsel of record and any court required under the rules by either U.S. Mail, fax, personal service, or overnight delivery as designated below.

Counsel for Plaintiff served by U.S. Mail to:
**Assaf Srebro**

To the Clerk for the Magistrate and Superior Court of:
**NEWTON COUNTY, GEORGIA**

c.     An order enjoining/restraining Defendants from further acts of retaliation and harassment;

d.     Such other and further relief as the Court deems appropriate.


Respectfully submitted this 30 day of July, 2020

By: _____

Thomas Johnson

105 Valley Brook,

Covington, GA, 30016


## **VERIFICATION**

I, Plaintiff Thomas Johnson, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in this matter. My person and my property are in danger of immediate and irreparable injury, and loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and I hereby Certify, that the facts set forth regarding all matters stated in the above paragraphs are true and correct.   I have read the foregoing pleading, the facts stated therein are from first-hand knowledge and are true and correct to the best of my knowledge and belief.

This 30 day of July, 2020

_Thomas Johnson_

Thomas Johnson

Subscribed and sworn to before me,

   this    day of October, 2017.

    Seal

_____

   Name, Notary Public

My Commission Expires:  Date